**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**8,560 SQUARE FEET OF LAND consisting of the following: Lot 30-31 Norre Gade, Kings Quarter in the town of Charlotte Amalie, on the Island of St. Thomas, United States, Virgin Islands: A.H. LOCKHART and COMPANY, H.E. LOCKHART MANAGEMENT, INC., UNKNOWN OWNERS, and all others claiming an interest herein, Defendants**

GOVERNMENT OF THE VIRGIN ISLANDS v. 8,560 SQUARE FEET OF LAND

Civil No. 844/1992

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

April 8, 2005

ROBERT W. BORNHOLT, ESQ., Department of Justice, Office of Attorney General, St. Thomas, United States Virgin Islands, *Attorney for Plaintiff*.

HENRY L. FEUERZEIG, ESQ., Dudley, Topper and Feuerzeig, LLP, St. Thomas, United States Virgin Islands, *Attorney for Defendants*.

ROSS, *Judge*

### MEMORANDUM OPINION

(April 8, 2005)

THIS MATTER comes before the Court on motion of Defendants A.H. Lockhart and Company and H.E. Lockhart Management, Inc. ("Defendants"), requesting compensation for the value of certain

development costs and expenses incurred in the enhancement of land at 30-31 Norre Gade, Kings Quarter, St. Thomas (the "subject property"), Plaintiff's opposition thereto and Defendants' Reply.

Defendants assert that that they incurred development costs totaling One Hundred Nine Thousand Two Hundred Sixty-Seven Dollars and Twenty-Five Cents ($109,267.25). *See* Stipulation at paragraphs 2 and 3.[1] Defendants further assert that improvements resulting from said expenses enhanced the fair market value of the subject property and therefore such expenses are compensable as just compensation. According to Plaintiff, Defendants' instant request is one for costs and expenses in addition to the fair market value of the subject property and that value of such does not constitute just compensation recoverable in this condemnation proceeding. In addition, Plaintiff maintains that Defendants had knowledge of Plaintiff's appropriation of the subject property in October of 1988, pre-dating the subsequent development costs and therefore said costs are not compensable.[2]

In this instance, the parties stipulated as to a judgment value on behalf of Defendants in the amount of One Hundred Eighty Thousand Four Hundred Eighty Five Dollars ($180,485.00). *See* Stipulation at paragraph 1. Nonetheless, the parties did not agree that said judgment amount represented the value for just compensation in this matter. In fact, the parties stipulated that development costs allegedly incurred by Defendants remained contested as values awardable for just compensation. *See* Stipulation at paragraph 4. The parties further agreed that the Court should decide whether Defendants are entitled to compensation for incurred improvement costs. *See id.* Accordingly, the Court will disregard Plaintiff's contentions to the contrary and construe the Stipulation as setting forth a certain agreed upon value and leaving the Court to further determine if there exists some additional value which is recoverable as just compensation.

---

[1] Parties in the above-captioned matter previously filed and the Court approved a Stipulation dated November 3, 1999.

[2] Based upon the record of proceedings in this matter, the Court finds that Defendants were put on notice of Plaintiff's appropriation of the subject property by letter dated June 19, 1992. Therefore, the Court will give no credence to Plaintiff's contention that the development costs are unrecoverable because they were incurred after Defendants had knowledge of Plaintiff's intention to appropriate the subject property.

In determining just compensation, Rule 419(1) of Title 28 of the Virgin Islands Code requires valuation of "the property sought to be appropriated and *all improvements* thereon." (Emphasis added.) The District Court held that 28 V.I.C. 419(1) "does not mean that the land and the improvements thereon are to be valued separately and independently of each other and the results added together but merely that effect of each is to be considered upon the market value of the whole ..." *Virgin Islands Hous. & Urban Renewal Auth. v. 19.0976 Acres of Land*, 4 V.I. 3, 8-9 (D.C. 1959). However where, as here, the parties stipulated and agreed on the value of the subject property, but not improvements thereto, separate valuation is necessary to determine the market value of the whole. It is the market value of the whole, which establishes the full value of just compensation. *See United States v. Petty Motor Co.*, 327 U.S. 372, 377 (1946).

In an effort to establish the full value of just compensation in this instance, the Court herein compares the three appraisals of record to determine the valuation for improvements to the subject property. The two appraisals submitted by the Government and represented as Plaintiff's Ex. 1 (Appraisal by Mel Plaskett Real Estate, dated July 28, 1992) and Plaintiff's Ex. 2 (Appraisal by John Foster Real Estate, dated August 3, 1992) include a signed pro-forma certificate making affidavit that no important factors were knowingly overlooked or withheld from the respective appraisals. Furthermore, said appraisals are based upon the Comparable Sales Approach. The Comparable Sales Approach purports to value property as a complete entity. However, neither of the afore-mentioned appraisals indicates specific consideration for development costs incurred by Defendants and resulting improvements upon the land.

Conversely, the August 4, 1992 appraisal by Appraisal Associates acknowledges that the subject property has more value than the comparable undeveloped land because of the time and money spent by Defendants in designing the building and obtaining the necessary permits and preparing the lot for new construction. *See* Ex. E, at p. 9, attached to Defendant's Reply.[3] According to the August 4, 1992 appraisal, the fair market value of the subject property is approximately 40% more than that indicated by the Comparable Sales Approach. *See id.* at p. 15.

---

[3] It is of note that the August 4, 1992 appraisal is the one appraisal of record, which indicates (by reasonable and specific valuation) consideration for improvements to the subject property.

Since the stipulated judgment value represents the average of the fair market values advanced in the July 28, 1992 and August 3, 1992 appraisals and said appraisals both utilize the Comparable Sales Approach, the Court will accept the stipulated judgment value of One Hundred Eighty Thousand Four Hundred Eighty Five Dollars ($180,485.00) as the fair market value of the subject property less the value of improvements. The Court further upholds the determination of the August 4, 1992 appraisal that the value of improvements equals 40% more than the fair market value indicated by the Comparable Sales Approach. Accordingly, the Court finds that the recoverable value of improvements to the subject property equals Seventy Two Thousand One Hundred Ninety Four Dollars ($72,194.00).